[Civil No. 1143.   Filed April.2, 1910.]

[108 Pac. 458.]

COCHISE COUNTY, Defendant and Appellant, v. GEO. B. WILCOX, Clerk of the District Court of the Second Judicial District of the Territory of Arizona, Plaintiff and Appellee.

1. CLERKS OF COURTS—COMPENSATION.—If the territorial legislature has authority to regulate the collection of delinquent taxes, and require the services of the clerk of the district court in connection therewith, it may compel him to perform such services without compensation from the county or territory, by providing for collection of his fees as costs, as is done by Acts 1903, No. 92.

2. SAME—FEES OF CLERKS OF TERRITORIAL COURTS.—If the subject of compensation to a clerk of the territorial district court for services rendered in collecting delinquent taxes is regulated exclusively by federal laws, the fees recoverable for such services are those fixed by such laws, and not those fixed by the territorial legislature (Acts 1903, No. 92).

APPEAL from a judgment of the District Court of the Second Judicial District, in and for Cochise County. Fletcher M. Doan, Judge. Reversed and remanded, with directions to sustain demurrer.

The facts are stated in the opinion.

John S. Williams and Attorney General, for Appellant.

The demand against the county for services sued upon was not filed within the term of six months after completion, as provided for under paragraphs 989 and 993 of the Civil Code, and the right is extinguished. The inhibition expressed in paragraph 993 is more than a mere limitation; it is an absolute bar to the right, which can in no event be claimed after the expiration of the statutory period, and the board had no right to even consider the demand. *Perrin* v. *Honeycutt,* 144 Cal. 87, 77 Pac. 776; *Murphy* v. *Bondshu,* 2 Cal. App. 249, 83 Pac. 278.

Cunningham & Riggs, for Appellee.

The statute of limitations was not raised in the lower court, and for that reason the question cannot now be considered. *Providence Gold Min. Co.* v. *Marks,* 7 Ariz. 74, 60 Pac. 938. And it must be specially set forth as a defense in his answer to be available. Rev. Stats. 1901, par. 2968; *Seaverns* v. *Costello,* 8 Ariz. 309, 71 Pac. 930.

CAMPBELL, J.—Appellee, as clerk of the district court of the second judicial district of this territory, rendered services in actions brought to collect delinquent taxes under the provisions of Act No. 92 of the Twenty-second Legislative Assembly. Provision is made in the act referred to for the collection of the clerk's fees as costs in the case; it being further provided that in no case shall the territory or county be liable for any such costs. In the cases in which the fees involved in this action were earned, the judgments are not collected, and therefore the clerk has received no compensation for his services, and seeks to collect from the county. The county demurred to the complaint upon the ground that it did not state a cause of action, which demurrer was overruled, and, the county electing to stand upon its demurrer, judgment was entered in favor of the clerk, whereupon the county brought this appeal.

The theory upon which the court overruled the demurrer was that the clerk is entitled to his fees under the provisions of the laws of the United States, and that it was not competent for the legislature to require him to perform services

without paying for the same, evidently relying largely upon the holding of the supreme court of the United States in *United States* v. *McMillan,* 165 U. S. 504, 17 Sup. Ct. 395, 41 L. Ed. 805. But the clerk is not in a position to claim that the laws of the United States should govern as to this claim. An examination of the account presented discloses that in each instance the fees sought to be recovered are those provided by an act of the territorial legislature, and not those provided by the laws of the United States. If the matter is one to be regulated by the legislature, it is competent for the legislature to require the clerk to perform the services without compensation from the territory or county, and the clerk, therefore, cannot recover. If, as contended by appellee, the subject is governed entirely by the laws of the United States, it is apparent that the fees that can be recovered are those fixed by Congress, and not by the territorial legislature, and as claimed by the clerk. We express no opinion as to whether, in any event, the county, rather than the territory, would be liable for the fees. The demurrer of the defendant should have been sustained.

The judgment of the district court is reversed, and the cause is remanded to that court, with directions to sustain the demurrer.

KENT, C. J., and LEWIS and DOE, JJ., concur.